IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAMELA GIBSON-HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:19-cv-382-TFM-MU-C |
| | ) | |
| BP EXPLORATION & PRODUCTION, INC., *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

___

| | | |
|---|---|---|
| PAMELA GIBSON-HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:21-cv-117-TFM-MU-C |
| | ) | |
| BP EXPLORATION & PRODUCTION, INC., *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

There are two cases involving these same parties. *See* Civ. Act. No. 1:19-cv-382-TFM-MU-C ("*Gibson-Hensley I*") and Civ. Act. No. 1:21-cv-117-JB-MU-C ("*Gibson-Hensley II*"). Pending before the Court are identical motions to consolidate these related cases (Doc. 42, filed July 29, 2021, *Gibson-Hensley I*; Doc. 14, filed July 29, 2021, *Gibson-Hensley II*). Plaintiff requests that the Court consolidate these matters pursuant to Fed. R. Civ. P. 42(a)(2), for the purposes of discovery and trial. *Id.* In support of Plaintiff's motion to consolidate, she states that the subject matter of the two actions concerns the same parties, same underlying facts, similar questions of law, seek similar damages and relief, and the defendants in this action do not oppose

the motion.  *Id.* at 4–5.  This matter is ripe for disposition and for the reasons discussed below, the motion to consolidate is **GRANTED**.

## I.   STANDARD OF REVIEW

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)).  However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary.  *See also Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary.").  In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.  *Id*.  Finally, the Court may decide to consolidate for pretrial, trial, or both.

## II.   DISCUSSION AND ANALYSIS

Plaintiff is the only named plaintiff in both actions.  *Compare Gibson-Henley I*, Doc. 1 *with Gibson-Hensley II*, Doc. 1.  Plaintiff's claims in the first action are the same as those that

they assert in *Gibson-Hensley II* as well as the operative facts on which Claimant makes her claims. *Id.* Because of the overwhelming similarities between *Gibson-Hensley I* and *Gibson-Hensley II*, if these matters were consolidated, the risk of prejudice and possible confusion to the parties would be minimal, the burden on the parties and witnesses in each matter would be minimal, judicial resources would be more efficiently spent, the length of time to conclude the matters as one suit would be less than if these matters continued as separate suits, and the expenses to the parties would be reduced. If *Gibson-Hensley I* and *Gibson-Hensley II* were not consolidated, the risk of inconsistent adjudication of common factual and legal issues would be great. Accordingly, the Court finds these cases should be consolidated for the purposes of pre-trial matters and trial, and the motion to consolidate is due to be granted.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED** that *Plaintiff's Unopposed Motion to Consolidate Related Cases Pending Before this Court* (Doc. 42 in Civ. Act. No. 1:19-cv-382; Doc. 14 in Civ. Act. No. 1:21-cv-117) are hereby **GRANTED**, and these matters are **CONSOLIDATED** for purposes of pre-trial matters and trial. *Gibson-Hensley v. BP Exploration & Production Inc., et al.*, Civ. Act. No. 1:19-cv-382-TFM-MU-C, is designated as the lead case of the consolidated matter and all future matters should be docketed in the lead case. Finally, counsel should use the combined header noted on this order for any filings in the lead case.

It is further **ORDERED** that the stay previously instituted in *Gibson-Hensley I*, Civ. Act. No. 1:19-cv-382, on August 6, 2020, is hereby **LIFTED**. *See* Doc. 40. The issuance of a modified case management order is hereby **REFERRED** to the assigned Magistrate Judge.

**DONE** and **ORDERED** this the 30th day of July, 2021.

                                              s/Terry F. Moorer
                                              TERRY F. MOORER
                                              NITED STATES DISTRICT JUDGE